**UNITED STATES of America,**
**Appellee,**

v.

**KANG YEON LEE, Defendant–**
**Appellant.**

**No. 06–3642–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 30, 2007.

Irving Anolik, New York, NY, for Defendant–Appellant.

Sarah Coyne, Assistant United States Attorney (Susan Corkery, Assistant United States of Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), Brooklyn, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Kang Yeon Lee appeals from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*), entered on August 16, 2006, sentencing him on a guilty plea principally to twenty-four months' imprisonment for one count of mail fraud in violation of 18 U.S.C. § 1341, and six months' imprisonment for one count of willful violation of Occupational Safety and Health Adminis-

tration ("OSHA") regulations resulting in the death of an employee, in violation of 29 U.S.C. § 666(e), to run consecutively.[1] We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

Lee argues that his sentence of thirty months violated his due process rights because the District Court considered facts outside the charge and the plea agreement in deciding to upwardly depart from the Guidelines range outlined in the plea agreement. We review a district court's findings of fact as they apply to sentencing enhancements for clear error. *See United States v. Cuevas,* 496 F.3d 256, 267 (2d Cir.2007).

█ Contrary to Lee's assertion, both the Information and Lee's plea allocution make clear that he was charged and pled to (1) overstating wages which were not paid to his employees and (2) violating OSHA regulations resulting in the death of an employee. Lee does not argue that his factual stipulation at the plea was invalid for any reason. *See United States v. Granik,* 386 F.3d 404, 413 (2d Cir.2004) ("[A] factual stipulation in a plea agreement is a valid basis for a factual finding relevant to sentencing only when the 'record clearly demonstrates that the stipulation was knowing (in the sense that the record clearly demonstrates that the defendant fully understood the potential consequences of his [stipulation]) and voluntary.'" (quoting *United States v. Monzon,* 359 F.3d 110, 116 (2d Cir.2004))). In any event the record makes clear that Lee's stipulation was knowing and voluntary. After determining the relevant Guidelines range, the District Court based the sentence on Lee's "victimization of employees; one, by not protecting them physically, and another by ... victimizing them economi-

cally." There was no error in relying on those facts to determine Lee's sentence. *See* U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."). Moreover, district courts are clearly permitted to consider uncharged or relevant conduct under a preponderance of the evidence standard to determine the sentence within the Guidelines range or whether to depart from Guidelines. *United States v. Salazar,* 489 F.3d 555, 558 (2d Cir.2007) (per curiam) (finding that a district court is "required to use the preponderance of the evidence standard ... in finding facts relevant to sentencing for Guidelines calculation purposes"); *United States v. Vaughn,* 430 F.3d 518, 527 (2d Cir.2005), *cert. denied,* 547 U.S. 1060, 126 S.Ct. 1665, 164 L.Ed.2d 405 (2006) ("district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct"). The District Court did not err, much less violate Lee's due process rights.

█ Lee's argument that the District Court exceeded its allowable discretion by sentencing Lee to more than the twenty-two months' imprisonment specified in his appeal waiver is meritless. The plea agreement signed by Lee specifically states that the estimate set forth in the agreement was not binding on the United States Attorney's Office, the Probation Department, or the Court. It is a "well-settled legal principle that 'the sentencing judge is of course not bound by the estimated range.'" *United States v. Hamdi,*

---

1. Lee was also sentenced to two years supervised release, a mandatory assessment, forfeiture, and restitution. He does not appeal these aspects of his sentence.

432 F.3d 115, 124 (2d Cir.2005) (quoting *United States v. Rosa,* 123 F.3d 94, 98–99 (2d Cir.1997)).

For these reasons, we AFFIRM the judgment of the District Court.